Third National Bank & Trust Co. of Springfield, Trustee and Transferee, v. Commissioner.
Third Nat'l Bank & Trust Co. v. Commissioner
Docket No. 110526.
United States Tax Court
1945 Tax Ct. Memo LEXIS 298; 4 T.C.M. (CCH) 212; T.C.M. (RIA) 45064; February 10, 1945
*298 William W. Johnston, C.P.A., 293 Bridge St., Springfield, Mass., for the petitioner. Charles P. Reilly, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: The present controversy arises by reason of a deficiency in gift tax for 1937 in the amount of $6,525 determined against petitioner as trustee and transferee of property of the donor. The sole question presented is whether this petitioner is liable for the tax. A further issue as to the underlying tax liability involving the existence of future interests and the consequent disallowance of certain exclusions has apparently been abandoned. [The Facts] The case is presented by means of a stipulation of facts. All of the stipulated facts are hereby found. The donor. Mary Myers Parker, on or before March 15, 1938, filed her 1937 gift tax return with the collector at Boston, Massachusetts, and paid the tax shown to be due thereon in the amount of $118,534.49. A further assessment of $640.98 was also paid together with interest thereon. Petitioner was named trustee under eight trust agreements all dated October 20, 1937, under which the donor transferred property of a value of $73,159.64 to each *299 trust. Of the eight beneficiaries, six were less than twenty-five years of age at that time. It is apparently as to the gifts to these six that the exclusions were disallowed. The trusts, which are similar, provide for the accumulation of income until the beneficiary reaches twenty-five years of age and thereafter for payment of the income to the beneficiary until at thirty, thirty-five, and forty years of age, respectively, the principal is paid in three equal parts. Upon the death of the beneficiary prior to final distribution the income is payable to his issue until the youngest child reaches twenty-one, when the principal is similarly payable, with remainder over to certain of the beneficiaries of the other trusts in default of issue. No notice of the present deficiency was mailed to the donor on or before March 15, 1941, nor at any time thereafter. The donor executed no waiver of the statute of limitations. She was at all times from January 1, 1938, to and including March 15, 1941, fully able to pay a deficiency of $6,525 with interest. The property transferred to petitioner under the trust had a value in excess of the deficiency determined against the donor. The respondent *300 determined a deficiency against petitioner as trustee and transferee by notice dated January 13, 1942, resulting from the disallowance of six $5,000 exclusions, totaling $30,000. The parties are agreed that this case is governed by . Since the decision in that case, adverse to the transferee's contentions, has now been affirmed (C.C.A., 2nd Cir.), , (January 18, 1945), Decision will be entered for the respondent.